IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. HARDING, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 06cv1438 |
| | ) | |
| ELLWOOD SPECIALTY STEEL, LLC, | ) | |
| and ELLWOOD GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court is the DEFENDANTS' MOTION TO DISMISS and Brief in Support (*Document No. 9*), and the Response and Brief of Plaintiff in opposition (*Document No. 14*). For the reasons discussed below, the Motion will be granted in its entirety.

**Background**

As the law requires, all disputed facts and inferences are resolved most favorable to the Plaintiff. The following background is drawn from the Complaint and the factual allegations therein are accepted as true for the purpose of this motion. On March 20, 2006, Plaintiff pro se William J. Harding, Jr. filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") in which he alleged that his employer, Ellwood Specialty Steel ("ESS") had discriminated against him on the basis of "disability." On July 31, 2006, the EEOC issued a Dismissal and Notice of Rights in which it found that the allegations of Plaintiff's Charge "did not involve a disability as defined by the Americans with Disabilities Act."

On October 30, 2006, Plaintiff filed in this Court a Motion for Leave to Proceed In Forma Pauperis, to which he attached the instant Complaint. On November 1, 2006, the motion

was denied. On November 17, 2006, Plaintiff paid the required filing fee, and the *pro se* Complaint was filed. In his Complaint, Plaintiff alleges that from June 8, 2005 until October 6, 2005, he had been on short-term disability due to injuries he sustained in a motorcycle accident. On October 6, 2005, he was released by his physician "to return for full duty at 100%." However, his employer, ESS, did not allow him to return to work, but rather placed him on a lay-off due to a lack of work. Plaintiff alleges that he is the "first and only person ever laid off from Ellwood Specialty Steel" and contends that there is no "lack of work" at ESS because its employees are working a mandatory ten (10) hours a week overtime and voluntary weekends.

Defendants have filed the instant Motion to Dismiss in which they argue that Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants contend that (i) the Complaint in this matter was untimely filed; (ii) Plaintiff has failed to exhaust his administrative remedies with respect to Ellwood Group, Inc. ("EGI"); and (iii) Plaintiff is not disabled for purposes of the Americans with Disabilities Act and therefore, his claim against ESS should be dismissed.

**Standard of Review**

In this case, the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the Complaint filed by Plaintiff. Accordingly, the Court must determine whether Plaintiff would be entitled to relief under any set of facts that could be established in support of his claims. *See Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir. 1994). All allegations in the Complaint and all reasonable inferences that can be drawn

therefrom must be accepted as true and viewed in the light most favorable to Plaintiff. *Pennsylvania Nurses Ass'n v. Pennsylvania State Educ. Ass'n,* 90 F.3d 797, 799-800 (3d Cir. 1996), *cert. denied,* 519 U.S. 1110 (1997).

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir. 1999). However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, decisions of government agencies and administrative bodies, and documents referenced in the complaint or which are essential to a plaintiff's claim and are attached to either the Complaint or the defendant's motion. *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

Attached to Plaintiff's Complaint is a copy of the July 31, 2006 Dismissal and Notice of Rights letter he received from the EEOC; attached to Defendants' motion is the Plaintiff's EEOC Charge of Discrimination and the EEOC Dismissal and Notice of Rights letter; and attached to Plaintiff's Response in opposition, *inter alia,* is an EEOC Affidavit signed by Plaintiff on March 15, 2006 and received in the EEOC office on March 20, 2006. Because these documents are either referenced in the Complaint and/or are essential to Plaintiff's claims, the Court has considered these documents without the necessity of converting the motion to dismiss into a motion for summary judgment. *Pension Benefit Guar. Corp.,* 998 F.2d at 1196-97.

**Discussion**

A.   <u>The Complaint Was Timely Received</u>

The first argument of Defendants can be denied with little discussion.  The EEOC issued and mailed its "Dismissal and Notice of Rights" letter on July 31, 2006.  The Notice informed Plaintiff that any lawsuit must be filed within ninety (90) days of his receipt of the Notice.  The Complaint is silent concerning the date Plaintiff received the Right to Sue letter.

Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis, to which the instant Complaint was attached, on October 30, 2006, which was within the requisite ninety (90) day filing period.  However, the motion was denied and it was not until November 17, 2006, one hundred and nine (109) days after the Right to Sue letter was mailed that Plaintiff paid the requisite filing fee and the Complaint was filed.  In his Response, Plaintiff states that he "didn't have the money to pay the $350 court filing cost until following (sic) payday."  Given that the Motion for In Forma Pauperis, with the Complaint, was timely filed, Defendants' argument will be denied.

B.   <u>The Claim Against EGI</u>

In his Charge of Discrimination, Plaintiff alleged that he had been employed by ESS and named ESS as the employer against whom the charge of discrimination was made.  All allegations contained in the Charge apply strictly to ESS and EGI is not mentioned in the Charge at all.

The only mention of EGI in the administrative record can be found in Plaintiff's EEOC affidavit which states:

**Coverage/Respondent's business:**

Ellwood Specialty Steel is a ware house / metal saw shop. There are 500+ employees. Ellwood Specialty Steel is a subsidy of Ellwood Group, Inc., which is a steel manufacturer. Ellwood Group, Inc. has 29 subsidiaries and other locations throughout the world.

P's Response, Exhibit A, EEOC Affidavit. Plaintiff contends that the "EEOC failed to put this information in the Charge of Discrimination." The Court finds Plaintiff's argument to be without merit for two reasons.

First, Plaintiff has failed to allege either in his EEOC Charge or in his Complaint that EGI committed any acts of discrimination against him. In exhausting administrative remedies under the employment statutes, a plaintiff is required to name all persons alleged to have committed acts of discrimination. *See* 42 U.S.C. § 2000(e)(5)(f)(1).

Second, EGI is not the employer of Plaintiff for purposes of the Americans with Disabilities Act. In fact, in the Charge of Discrimination, the EEOC Affidavit, and the Complaint, Plaintiff clearly states that his employer is ESS, not EGI, *i.e.,* "I started my employment with Ellwood Specialty Steel on November 2004 . . . ." *See* EEOC Affidavit, at ¶ 2.

For these reasons, the motion to dismiss all claims against EGI will be granted.

3.        The Claim Against ESS

In his *pro se* Complaint, Plaintiff does not mention by name the statute under which he brings this lawsuit. However, the Charge of Discrimination filed with the EEOC claimed discrimination based on "disability" and thus, the Complaint will be analyzed under the appropriate Americans with Disabilities Act ("ADA") standards.

For Plaintiff to prevail on his discrimination claim, he must demonstrate that: (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he had suffered an otherwise adverse employment decision as a result of discrimination. *See Gaul v. Lucent Techs. Inc.*, 134 F.3d 576, 580 (3d Cir.1998) (*citing Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir.1996)).  Under the ADA, a "disability" is:

(A) a physical[1] or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such impairment; or

(C) being regarded as having such impairment.

42 U.S.C. § 12102(2); *Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 193 (2002). The ADA does not specifically define "major life activities." However, the EEOC regulations define the term as those activities that are of "central importance to most people's daily lives." 45 C.F.R. § 84.3(j)(2)(ii); *Toyota Motor*, 534 U.S. at 197.  This means "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 45 C.F.R. § 84.3(j)(2)(ii). The Court of Appeals for the Third Circuit has "held only extremely limiting disabilities - in either short or long-term -- to qualify for protected status under the ADA." *Marinelli v. City of Erie, Pennsylvania*, 216 F.3d 354, 362 (3d Cir. 2000).

---

[1] A "physical impairment" is "[a]ny physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine." 29 C.F.R. § 1630.2(h).

In this case, Plaintiff has made no allegation that he is "disabled." In fact, to the contrary, Plaintiff alleges the following:

> On June 7th, 2005, William J. Harding, Jr. was involved in a motorcycle accident and was off work until October 6th, 2005. <u>He was to return for full duty at 100% under Dr. Bruce Zirian's orders</u> . . . .

Complaint, at ¶ 5 (emphasis added).

Plaintiff alleges that he was off work for a period of approximately four (4) months and thereafter was "able to return for full duty at 100%." As the United States Court of Appeals for the Third Circuit has stated "temporary, non-chronic impairment of short duration, with little or no long-term or permanent impact, are usually not disabilities." *McDonald v. Pennsylvania*, 62 F.3d 92, 93 (3d Cir. 1995).

Based on the allegations of Plaintiff that he was off work for a limited duration, the Court finds and rules that Plaintiff was not "disabled" within the meaning of the ADA and, therefore, does not qualify for relief under that statute. Thus, Defendants' motion to dismiss all claims against ESS will be granted.

D.      <u>Leave to Amend</u>

If a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. *Id*. Even if a plaintiff does not seek leave to amend his complaint after the defendant moves for dismissal, unless the district court finds that amendment would be inequitable or futile, the Court must inform the plaintiff

that he has leave to amend the complaint within a set period of time. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). The district court may dismiss the action if the plaintiff does not file an amended complaint within that time, or if the plaintiff files a notice of his intent to stand on the complaint.

The Court finds and rules that in the instant case it would be futile to allow Plaintiff to amend the allegations his Complaint. All claims against EGI are barred by the failure of Plaintiff to exhaust his administrative remedies, and all claims against ESS under the ADA fail as Plaintiff has been "able to return to full duty at 100%" and, thus, is not disabled.

## Conclusion

For the reasons hereinabove stated, the Court finds that Plaintiff's complaint shall be dismissed with prejudice in its entirety for failure to state a claim upon which relief can be granted. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. HARDING, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 06cv1438 |
| | ) | |
| ELLWOOD SPECIALTY STEEL, LLC, | ) | |
| and ELLWOOD GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER OF COURT

AND NOW, this 17th day of May, 2007, in accordance with the foregoing Memorandum Opinion, the Motion to Dismiss filed by Defendants Ellwood Specialty Steel, LLC, and Ellwood Group, Inc. is **GRANTED.**

The Clerk of Court is directed to mark this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     William J. Harding, Jr.
        306 Boston Avenue
        New Castle, PA 16101

        Timothy J. Jacob, Esquire
        Manchester, Bennett, Powers & Ullman
        Email: tjacob@mbpu.com